UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

1485 NIAGARA, LLC,

                      Plaintiff,        **REPORT, RECOMMENDATION AND ORDER**

v.                                            20-cv-49-JLS-JJM

NATIONAL PARK SERVICE; JOY
BEASLEY in her official capacity as Keeper
of the National Register of Historic Places
and DAVID BERNHARDT, in his official
capacity as Secretary of the U.S. Department
of the Interior,

                      Defendants.
_____

        In this action, plaintiff 1485 Niagara, LLC challenges defendants' September 30, 2019 "refusal to list Plaintiff's property at 1491 Niagara Street, Buffalo, New York 14213, also known as the Aldrich & Ray Manufacturing Building . . . on the National Register of Historic Places", alleging that defendants "acted arbitrarily and capriciously" in refusing the listing. Complaint [1], ¶¶2, 3, 13.[1] Plaintiff relies upon the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2)(A), which authorizes the court to "set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law". The action has been referred to me by District Judge John L. Sinatra, Jr. for pretrial supervision, including initial consideration of dispositive motions [9, 40].

---

[1]    Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to CM/ECF pagination, shown on the upper right corner of the page.

Before the court are the parties' motions for summary judgment [18, 27], defendants' motion to strike certain submissions by plaintiff [24], and plaintiff's motion to supplement the administrative record underlying the challenged decision [30]. Having reviewed the administrative record [16] as well as the parties' submissions [18, 24, 25, 27, 30, 31, 34, 35, 38 and 41], for the following reasons defendants' motion to strike [24] is granted, and plaintiff's motion to supplement the record [30] is denied. Furthermore, I recommend that plaintiff's motion for summary judgment [18] be granted in part and denied in part, and that defendants' motion for summary judgment [27] be denied.

## BACKGROUND

The National Historic Preservation Act ("NHPA") authorizes the Secretary of the Interior to "maintain a National Register of Historic Places composed of districts, sites, buildings, structures, and objects significant in American history, architecture, archeology, engineering, and culture". 54 U.S.C. §302101. "Listing in the National Register . . . makes property owners eligible to be considered for Federal grants-in-aid for historic preservation", and offers the possibility of "favorable tax treatments for rehabilitation". 36 C.F.R. §§60.2(b), (c).

On February 24, 2019 plaintiff nominated the Aldrich and Ray building for listing on the National Register under "Criterion A" of the NHPA regulations.[2] [16], pp. 39 *et seq*. In support of the nomination, plaintiff argued that the building "is significant under Criterion A for its industrial history, spanning an important era of industrial manufacturing in the area and the city at large, during the period of significance from 1894-1953. During this period, the Aldrich

---

[2] "The quality of significance in American history, architecture, archeology, engineering, and culture is present in districts, sites, buildings, structures, and objects that possess integrity of location, design, setting, materials, workmanship, feeling, and association and . . . that are associated with events that have made a significant contribution to the broad patterns of our history". 36 C.F.R. §60.4(a)

and Ray Manufacturing Building occupied this building as its factory producing a variety of brass, copper and metal items. Built in 1894, the brick building at 1491 Niagara Street . . . is the oldest portion of the industrial complex remaining today, and the only potion specifically constructed by the company for industrial use." Id., p. 59.

The nomination was considered at a meeting of the New York State Board for Historic Preservation on March 21, 2019, at which eight of the ten Board members were present. Id., pp. 18-25.[3] At the conclusion of that meeting, the Board voted unanimously to deny the nomination. Id., p. 25. Although Board members Kristin Herron and Wint Aldrich stated their reasons for doing so (id.), the other six Board members did not - nor was the vote accompanied by a statement of the Board's reasons for rejecting the nomination.

By letter dated March 29, 2019 ([16], p. 34), Deputy State Historic Preservation Officer Daniel Mackay notified plaintiff that "[f]ollowing a detailed review, New York State Board for Historic Preservation . . . has recommended to the Commissioner of the Office of Parks, Recreation and Historic Preservation that the property . . . should not be nominated to the National Register of Historic Places. The Commissioner serves as the State Historic Preservation Officer (SHPO) for New York State. The Board's unanimous decision that the building does not meet the criteria for listing was based on the fact that the building had suffered a substantial loss of integrity in [a] 1976 fire, which destroyed its north half. Because of this, the board concluded that the remaining south wing lack integrity of design, materials, feeling and association and could no longer convey the significant history of the Aldrich and Ray Manufacturing Company, which had occupied the site between 1894 and 1953. After reviewing the draft nomination and reports from staff, the SHPO has agreed with the recommendation of the Board. The property

---

[3]   I have reviewed the video of that meeting, which is part of the administrative record. [16], p. 17. The CD containing that video is available for review by District Judge Sinatra.

has not been . . . forwarded to the National Park Service for consideration for National Register listing. The nomination sponsor has the right to appeal the decision of the Board and SHPO . . . for a final determination by the Keeper of the National Register."

Accordingly, on August 6, 2019, plaintiff appealed that decision to the Keeper of the National Register pursuant to 36 C.F.R. §60.12(a) ("Any person or local government may appeal to the Keeper the failure or refusal of a nominating authority to nominate a property that the person or local government considers to meet the National Register criteria"). [16], pp. 91 *et seq*. The appeal stated that the building was originally constructed in 1894 "and connected to an independently standing police station located on the lot to the north some time before 1900", and noted that although a 1976 fire "did destroy the former police station . . . the original structure that was built by, and for Aldrich & Ray remained standing in full. Infilled windows . . . illustrate that the extant structure was originally constructed as a distinct building". Id., pp. 91-92.

By letter dated September 30, 2019, the Keeper's designee, Alexis Abernathy,[4] notified plaintiff that "[a]fter carefully reviewing the documentation submitted on the appeal, including your letter, the draft National Register nomination, video of the State Review Board meeting, correspondence between your organization and the State, in the state review board minutes, I have denied your appeal". [16], p. 142. She explained that "[t]he draft National Register nomination and supplemental materials supplied by your organization do not counter the State and State Review Board's decision that the Aldrich and Ray Manufacturing Building no longer retains sufficient integrity for listing in the National Register of Historic Places. The loss

---

[4] Since the Keeper delegated the authority for making eligibility determinations to Ms. Abernathy pursuant to 36 C.F.R. §60.3(f) ([16-1], p. 172), I will hereafter refer to her as the Keeper.

of the north half of the building in 1976 was too much for the final small industrial complex in Buffalo to retain sufficient integrity for listing in the National Register." Id.

That decision constituted "the final administrative action" (36 C.F.R. §60.12(e)), which plaintiff challenges in this action. Complaint [1], ¶¶13-14.

## DISCUSSION

### A. Motions to Strike/Supplement

Defendants move to strike the affidavits of Kerry Traynor [18-1], Robert Corrao [18-2] and Robert Knoer [18-3], arguing that plaintiffs improperly seek to add materials and arguments beyond those already contained in the administrative record. Defendants note that "[u]nder the deferential arbitrary and capricious standard of review contained in the APA, judicial review is limited to the record that was before the agency at the time the agency made the challenged decision . . . . The rationale behind the 'record rule' is that a reviewing court, in dealing with a determination or judgment which an administrative agency *alone* is authorized to make, should not . . . substitute its opinion for that of the agency." Defendants' Memorandum of Law [25], p. 5 (emphasis added). Therefore, "the agency's action must be reviewed on the basis articulated by the agency". Id., p. 6.

I agree. Therefore, defendants' motion to strike [24] is granted, and plaintiff's motion to supplement [30] is denied,[5] except to the extent consented to by defendants. *See* defendants' Memorandum of Law [25], pp. 7-8 ("As to the affidavit of Robert Corraro (*sic* -

---

[5] Both motions are nondispositive. *See* Strom v. National Enterprise Systems, Inc., 2011 WL 1233118, *1, n. 1 (W.D.N.Y. 2011) (motion to strike); Tackman v. Goord, 2005 WL 2347111, *1, n. 2 (W.D.N.Y. 2005) (motion to supplement).

Corrao [18-2]) . . . some portions of the affidavit may be considered by the Court with respect to the Plaintiff's burden to demonstrate standing to pursue its claims . . . . However, paragraphs 7-10 of the affidavit . . . should be stricken").

## B. Motions for Summary Judgment

### 1. The Standard of Review

"Under the APA, [courts] may set aside an agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' 5 U.S.C. §706(2)(A). An agency action is arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Alzokari v. Pompeo, 973 F.3d 65, 70 (2d Cir. 2020).

"The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made (citation omitted). In reviewing that explanation, we must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 43 (1983). The court "must make a substantial and searching inquiry to ensure that the agency's decisions are the product of reasoned thought and based upon a consideration

of relevant factors." International Ladies' Garment Workers' Union v. Donovan, 722 F.2d 795, 815 (D.C. Cir. 1983).

### 2. The Keeper Did Not Review Plaintiff's Appeal *De Novo*

"[T]he Keeper has independent authority to determine whether a property should be listed", and "is not bound by the determinations of local authorities". Moody Hill Farms Limited Partnership v. U.S. Department of the Interior, National Parks Service, 205 F.3d 554, 558 (2d Cir. 1999). Therefore, "[t]he appeal of state agency action to the Keeper should be a *de novo* review". Plaintiff's Memorandum of Law [34], p. 8. "Defendants agree." Defendants' Reply Memorandum [41], p. 6.

"By definition, *de novo* review entails consideration of an issue as if it had not been decided previously." United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992). However, instead of considering plaintiff's appeal "as if it had not been decided previously", the Keeper concluded that plaintiff's submission did "not counter the State and State Review Board's decision that the Aldrich and Ray Manufacturing Building no longer retains sufficient integrity for listing in the National Register of Historic Places". [16], p. 142. As plaintiff notes, "this apparent deference . . . is improper". Plaintiff's Memorandum of Law [34], p. 8. "[D]*e novo* review means reconsideration afresh . . . no presumption of validity applies to [previous] findings or recommendations." Greene v. WCI Holdings Corp., 956 F. Supp. 509, 514 (S.D.N.Y. 1997), aff'd, 136 F.3d 313 (2d Cir. 1998). *See also* Doe v. Chao, 540 U.S. 614, 619 (2004) ("*de novo* . . . [is] distinct from any form of deferential review").

### 3. The Keeper Did Not Consider Each of Plaintiff's Arguments

"Although there is no formula for what constitutes reasoned decision making", at a minimum "the agency must "engage the arguments raised before it". <u>Sierra Club v. Salazar</u>, 177 F. Supp. 3d 512, 532 (D.D.C. 2016). While the Keeper claims to have "carefully review[ed]" plaintiff's appeal ([16], p. 142), "[t]he court does not defer to conclusory . . . suppositions." <u>Jurewicz v. United States Department of Agriculture</u>, 741 F.3d 1326, 1331 (D.C. Cir. 2014).

To cite one example, plaintiff argued that the denial of the nomination "is inconsistent with other properties in Buffalo that have had similar, and often more loss of fabric, but have still been determined eligible by the Board for listing on the State Register, and subsequently the National Register. Examples . . . include F.N. Burt Factory 'C' (listed 4/17/2017) and the Ziegele-Phoenix Refrigeation House and Office (listed 1/17/2018)". [16], pp. 93-96. However, the Keeper did not even mention that argument, much less respond to it. Her "failure to engage with [plaintiff's] arguments crossed the line from deficient to arbitrary". <u>Romer v. Holder</u>, 663 F.3d 40, 44 (1st Cir. 2011). *See also* <u>San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Commission</u>, 789 F.2d 26, 47-48 (D.C. Cir. 1986) ("we cannot even engage in meaningful review, unless we are told *which* factual distinctions separate arguably similar situations, and *why* those distinctions are important") (emphasis in original).

Defendants attempt to explain to this court why the other properties cited by plaintiff were treated differently. *See* defendants' Memorandum in Response [28], pp. 28-30. "The short - and sufficient - answer to [this] submission is that the courts may not accept . . . counsel's *post hoc* rationalizations for agency action . . . . [A]n agency's action must be upheld, if at all, on the basis articulated by the agency itself." <u>State Farm</u>, 463 U.S. at 50. "It is not the role of the courts to speculate on reasons that might have supported an agency's decision. We may

not supply a reasoned basis for the agency's action that the agency itself has not given." Encino Motorcars, LLC v. Navarro, ___U.S.___, 136 S. Ct. 2117, 2127 (2016).

I recognize that courts should "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned". F.C.C. v. Fox Television Stations, Inc., 556 U.S. 502, 513-14 (2009). However, since I cannot "reasonably discern" that the Keeper applied the proper scope of review, or that she gave plaintiff's arguments the attention which they deserve, her decision should be vacated.

### 4. What is the Appropriate Remedy?

Plaintiff asks this court not only to vacate the Keeper's denial of its appeal, but to direct the Keeper to list the property on the National Register. *See* plaintiff's Notice of Motion [18]. However, this court lacks the expertise to determine whether the property qualifies for listing. *See* National Register Bulletin, "How to Apply the National Register Criteria for Evaluation", [16], pp. 265, 267 ("The final evaluation and listing of properties in the National Register is the responsibility of the Keeper of the National Register").[6]

When issues "clearly fall within an area of special expertise" of an administrative agency, they "should be addressed by [the agency] in the first instance". DiLaura v. Power Authority of the State of New York, 786 F. Supp. 241, 253 (W.D.N.Y. 1991), aff'd, 982 F.2d 73 (2d Cir. 1992). Therefore, if District Judge Sinatra agrees that the Keeper's denial of plaintiff's appeal "is not sustainable on the administrative record made", then her "decision must be

---

[6] The Bulletin is an authoritative source concerning the criteria for listing. *See*, *e.g.*, Hoonah Indian Association v. Morrison, 170 F.3d 1223, 1231-32 (9th Cir. 1999).

vacated and the matter remanded . . . for further consideration". Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 549 (1978). While the Keeper need not completely ignore the proceedings before the New York State Board for Historic Preservation, she may not treat them as being presumptively valid - particularly since the Board did not explain the reasons for its vote.[7] Plaintiff's appeal deserves "reconsideration afresh". Greene, supra.

## CONCLUSION

For these reasons, defendants' motion to strike [24] is granted to the extent discussed herein, and plaintiff's motion to supplement the record [30] is denied. I further recommend that plaintiff's motion for summary judgment [18] be granted to the extent of vacating the Keeper's September 30, 2019 decision and remanding that decision to her for further consideration, but that the motion otherwise be denied, and that defendants' motion for summary judgment [27] be denied.

Unless otherwise ordered by District Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by December 29, 2020. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

---

[7]     Although Board members Herron and Aldrich made statements immediately before the vote ([16], p. 25), the Board did "not say that it was adopting those members' statements as the reason for its decision, and isolated statements by individual members of the board are not statements of the board itself". Bloomstein v. Department of Public Safety, 135 N.E.3d 1051, 1056 (Mass. 2019).

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  December 15, 2020

        ___/s/ Jeremiah J. McCarthy_____
           JEREMIAH J. MCCARTHY
           United States Magistrate Judge