UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

1485 NIAGARA, LLC,

    Plaintiff,

v.

NATIONAL PARK SERVICE, JOY
BEASLEY, in her official capacity as
Keeper of the National Register of
Historic Places, DEB HAALAND,[1] in
her official capacity as Secretary of the
U.S. Department of the Interior,

    Defendants.

20-CV-49 (JLS)(JJM)



---

### DECISION AND ORDER

Plaintiff 1485 Niagara, LLC commenced this action on January 14, 2020, alleging violations of the Administrative Procedure Act related to Defendants' failure to list Plaintiff's property on the National Register of Historic Places. *See* Dkt. 1. Defendants answered the complaint on March 16, 2020, and filed the administrative record on May 27, 2020. *See* Dkts. 8, 16, 17.

Plaintiff moved for summary judgment on July 1, 2020. Dkts. 18, 21. Defendants cross-moved for summary judgment, and filed a response to Plaintiff's statement of undisputed facts, on August 20, 2020. *See* Dkts. 26, 27, 28, 29. Plaintiff responded in further support of its motion for summary judgment, and in

---

[1] Secretary Haaland is automatically substituted for Defendant David Bernhardt, the former Secretary of the U.S. Department of the Interior. *See* Fed. R. Civ. P. 25(d).

opposition to Defendants' cross-motion for summary judgment and statement of undisputed facts, on September 18, 2020. See Dkts. 34, 35. Defendants filed a reply in further support of their cross-motion for summary judgment on October 15, 2020. Dkt. 41.

Together with their motions for summary judgment, the parties moved with respect to evidence submitted by Plaintiff. In particular, Defendants moved to strike extra-record evidence submitted by Plaintiff in support of its motion for summary judgment. Dkts. 24, 25. Plaintiff responded in opposition and cross-moved to supplement the administrative record. Dkts. 30, 31. Defendants opposed the cross-motion to supplement and further supported their motion to strike. See Dkt. 38. And Plaintiff further supported its motion to supplement. Dkt. 39.

On March 23, 2020, the Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all pretrial matters, excluding dispositive motions, under 28 U.S.C. § 636(b)(1)(A). Dkt. 9. The Court added a dispositive referral, under 28 U.S.C. §§ 636(b)(1)(B) and (C), on October 6, 2020. Dkt. 40.

Judge McCarthy issued a Report, Recommendation and Order ("RR&O") on December 15, 2020: (1) recommending that this Court grant Plaintiff's motion for summary judgment, in part, to the extent of vacating the administrative decision and remanding for further administrative proceedings; (2) recommending that this Court deny Defendants' cross-motion for summary judgment; (3) granting Defendants' motion to strike; and (4) denying Plaintiff's motion to supplement,

except as to the portions of Dkt. 18-2 (¶¶ 1-6) to which Defendants consented.  *See* Dkt. 42, at 5, 10.

Plaintiff objected to the RR&O.  Dkt. 43.  First, Plaintiff argues that Judge McCarthy erred in recommending that this Court remand the matter to the agency for further administrative proceedings.  *See id.* at 1.  Second, Plaintiff argues that Judge McCarthy erred in granting Defendants' motion to strike the affidavits Plaintiff offered to support its motion for summary judgment.  *See id.*  Defendants opposed Plaintiff's objections, but did not file their own objections to the RR&O.  *See* Dkt. 47.  And Plaintiff replied in further support of its objections.  Dkt. 48.

Collectively, the referral orders authorized Judge McCarthy to "hear and determine any pretrial matter before the court," and to "submit . . . proposed findings of fact and recommendations for the disposition . . . of any [other] motion." *See* 28 U.S.C. §§ 636(b)(1)(A), (B), (C); Dkts. 9, 40.  The RR&O implicates both referral orders because it recommends granting, in part, Plaintiff's dispositive motion for summary judgment and denying Defendants' motion for summary judgment, and grants Defendants' non-dispositive motion to strike and denies, in part, Plaintiff's non-dispositive motion to supplement.  *See* Dkt. 42.  Neither party disputes the characterization of these motions as such.  *See* Dkts. 43, 47, 48.  As explained below, different standards of review apply to each portion of the RR&O.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a *de novo* review of those portions of a magistrate judge's

recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). And it must modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

This Court carefully reviewed the RR&O and the relevant record. Based on its *de novo* review of Plaintiff's motion for summary judgment, the Court accepts and adopts Judge McCarthy's recommendation to grant Plaintiff's motion, in part.[2] And based on its clear error review, the Court affirms Judge McCarthy's order granting Defendants' motion to strike.

For the reasons stated above and in the RR&O, the Court:

- GRANTS Plaintiff's motion for summary judgment (Dkt. 18), in part, to the extent of vacating the administrative decision and remanding for further administrative proceedings;

- DENIES Defendants' cross-motion for summary judgment (Dkt. 27); and

---

[2] Neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Nevertheless, given the close relationship between the parties' motions for summary judgment, the Court also reviewed the RR&O's recommendation regarding Defendants' cross-motion for summary judgment and accepts and adopts that recommendation, as well.

- AFFIRMS Judge McCarthy's order granting Defendants' motion to strike (Dkt. 24), except as to the information contained in Dkt. 18-2 ¶¶ 1-6, which Defendants consent to supplementing the record with.

The Clerk of Court shall close this case, and shall update the docket to reflect the substitution of Deb Haaland for David Bernhardt as the Secretary for the U.S. Department of the Interior.

SO ORDERED.

Dated:   March 31, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE